```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF GEORGIA
                  STATESBORO DIVISION
```

UNITED STATES OF AMERICA       *
                               *
    v.                         *       CR 611-17
                               *
JARED H. WOODY                 *

## O R D E R

Before the Court in the captioned case is Defendant Jared H. Woody's request to terminate his term of supervised release. Defendant was sentenced on December 11, 2012, to serve 66 months imprisonment followed by a life-term of supervised release upon his plea of guilty to possession of child pornography. (Doc. 30.)

Defendant began his term of supervised release on October 31, 2016 in this district. He has maintained a stable residence, steady employment, paid his financial obligations, and has met all other terms of his supervised released, including passing all drug tests and polygraph examinations. Defendant has complied with all sex offender treatment requirements. In short, Defendant has performed well for over six years of supervision.

Nevertheless, the Court cannot ignore the serious nature of not only the crime for which he pled guilty but the factual circumstances supporting the conviction and related conduct

appearing in the Presentence Investigation Report.[1]  Of paramount importance in this type of case is the societal need for continued supervision of this offender.  Six years is simply not long enough to ensure that this offender does not reoffend.  After all, upon consideration of the factors of 18 U.S.C. § 3553(a), the Court determined that nothing short of life-long supervision would serve the statutory purposes of protecting the public, affording adequate deterrence, and reflecting the seriousness of the offense.  Thus, contrary to Defendant's assertion to the contrary, his term of supervised release has not completed its purpose.

Defendant complains that his supervised release conditions are hindering his career opportunities.  To the extent that a particular condition is problematic, Defendant should address the matter with his supervising probation officer in greater detail.

Upon the foregoing, Defendant Woody's motion for early termination of supervised release (doc. 112) is **DENIED**.  The Clerk

---

[1] The Government contends that Defendant's rather "generic description" of the "true nature and circumstances of his offense" is a "gross, and worrying, mischaracterization," leading the Government to conclude that Defendant has not adequately addressed his sexual proclivities. (See Doc. 114.)  The Court tends to agree as Defendant's terse description became more disconcerting as the details unfolded through a reading of his Presentence Investigation Report.  That said, the Court itself is loathe to repeat the details here.  Suffice it to say that Defendant's character as revealed by the nature of the offense and related conduct was and remains unsettling.

2

is directed to serve a copy of this Order on Mr. Tony Graham of the United States Probation Office.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of May, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA