UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 6:11-cr-17 |
| | ) | |
| v. | ) | |
| | ) | |
| JARED H. WOODY | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S 2nd MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

NOW comes the United States of America, by and through Jill E. Steinberg, United States Attorney for the Southern District of Georgia, and in opposition to defendant's second motion for early termination of supervised release [Doc. 120] shows:

1. Defendant was sentenced to 66 months of imprisonment to be followed by lifetime term of supervised release on December 11, 2012. (Doc. 30.) He began his term of supervision on October 31, 2016. Defendant has now filed a second motion for early termination of his supervised release. (Doc. 121).

2. The Court denied a similar motion from Woody for early termination of supervised release just eight months ago on May 17, 2023 [Order, Doc. 120.] In its Order, the Court acknowledged that Defendant had done well on supervision so far but noted that early termination was inappropriate at that time and that "six years is simply not long enough to ensure the defendant does not reoffend." (Id.) It has now been just over seven years and the Defendant seeks to have his supervision terminated again. Nothing has occurred to alter the Court's rationale underlying its first Order. It bears emphasis that the term of supervised release is an important

component of the defendant's sentence. In *Gall v. United States*, 552 U.S. 38, 48 (2007), the Supreme Court explained at length that a term of supervised release is no trifling matter; it is a form of punishment that involves restrictions on liberty. For this reason, habitual post-sentencing alteration of a term of supervised release would defeat the goals of transparency and truth in sentencing that animated the Sentencing Reform Act of 1984, which implemented determinate federal sentencing while also creating the provisions for supervised release. Such a result would, in part, offend the expectations of victims of crime, who heard the sentence imposed only to learn later that the offender does not have to serve the full term.

3. In seeking early termination, Woody asserts that he has behaved appropriately while on supervised release, but as noted, that is what the law expects. Woody pled guilty to possessing child pornography and has served a mere seven years on supervision. Continued supervision by the Probation Office to assure rehabilitation and compliance with the law seems the absolute minimum the law should require. That is what this Court decided when it imposed sentence, and there is no reason to reconsider that judgment now.

4. WHEREFORE, the government requests that Defendant's motion be denied and that he remain on supervision.

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

*/s/ Jennifer J. Kirkland*

                                                Jennifer J. Kirkland
                                                Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 19th day of January, 2024.

                                         Respectfully submitted,

                                         JILL E. STEINBERG
                                         UNITED STATES ATTORNEY

                                         ***/s/ Jennifer J. Kirkland***

                                         Jennifer J. Kirkland
                                         Assistant United States Attorney

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422