# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 21, 2024

Jared H. Woody
2006 BLANKENBAKER RD
STATESBORO, GA 30458

Appeal Number:  24-10497-H
Case Style:  USA v. Jared Woody
District Court Docket No:  6:11-cr-00017-JRH-CLR-1

## CRIMINAL DOCKETING NOTICE

The above-referenced appeal has been docketed in this Court. All documents filed in this appeal must include the Case Style and Appeal Number shown above.

Appellant Requirements
Unless the following requirements have already been satisfied, **within 14 days of the date of this notice the appellant MUST:**

1.  Unless counsel was appointed to represent the appellant, pay to the **District Court** the Filing Fee **OR** File a Motion to Proceed In Forma Pauperis (IFP) in the district court. See FRAP 3(e), FRAP 24.

    *If the filing fee is not paid and a motion to proceed IFP has not been filed in the district court within 14 days of the date of this notice, this appeal will be dismissed without further notice pursuant to 11th Cir. R. 42-1(b).*

    *If the district court has denied the appellant IFP status on appeal, the appellant has 30 days from the date of the district court's order to file an IFP motion in this Court. See FRAP 24(a)(5).*

2.  File in this Court **AND** in the district court a Transcript Order Form **OR** file a certificate in this Court stating no transcripts will be ordered. See FRAP 10(b)(1), 11th Cir. R. 10-1.

    *If no transcripts are ordered, appellant's brief is due 40 days after **02/12/2024**, except as otherwise provided by the rules. See 11th Cir. Rules 12-1 and 31-1.*

3.  File a Certificate of Interested Persons and Corporate Disclosure Statement (CIP). See 11th Cir. R. 26-1(a)(1).

4.  Complete the Web-Based CIP (attorneys only). See 11th Cir. R. 26.1-1(b).

Additional Appellant Requirements

1.  Guilty Plea Issue: If any issue concerning a guilty plea will be raised, the appellant must ensure that the record includes the transcript of the guilty plea colloquy and any written plea agreement. See 11th Cir. R. 30-1(a)(13).

2.  Sentencing Issue: If any issue concerning the sentence will be raised, the appellant must ensure that the record includes (a) the transcript of the sentencing proceeding, and (b) the presentence investigation report and addenda (under seal in a separate envelope). See 11th Cir. R. 30-1(a)(14).

Appellee Requirements
Unless the following requirements have already been satisfied, **within 28 days of the date of this notice, all appellees participating in this appeal MUST:**

1.  File a CIP or a notice. See 11th Cir. R. 26.1-1(a)(3).

2.  Complete the Web-Based CIP (attorneys only). See 11th Cir. R. 26.1-1(b).

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Obligation to Notify Court of Change of Addresses
Each pro se party and attorney has a continuing obligation to notify this Court of any changes to the party's or attorney's addresses during the pendency of the case. See 11th Cir. R. 25-7.

Additional Information
Rules, forms, and additional information, including a handbook for pro se litigants, can be found at www.ca11.uscourts.gov.

Attorney Participation
All attorneys (except court-appointed attorneys) who wish to participate in this appeal must file an Appearance of Counsel Form within 14 days of the date of this notice. See 11th Cir. R. 46-6(b). Please also see FRAP 46 and the corresponding circuit rules.

Note to Retained Counsel
Eleventh Circuit Rule 46-10(a) states, "Retained counsel for a criminal defendant has an

obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court."

Motions to Withdraw
Counsel who file a motion to withdraw from a criminal appeal must also comply with 11th Cir. R. 27-1(a)(7), (a)(8). In addition, a motion to withdraw as counsel stays only briefing on appeal; it does not stay other deadlines. See 11th Cir. R. 31-1(b).

Clerk's Office Phone Numbers
| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

CRIM 1 - Notice of Docketing

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL ACTION NO. |
| Plaintiff, | ) | |
| v. | ) | 6:11-CR-00017-1 |
| | ) | |
| JARED H. WOODY, | ) | |
| Defendant. | ) | |

### NOTICE OF APPEAL

**COMES NOW** JARED H. WOODY, defendant in the above referenced matter, proceeding without counsel, *pro se*, and hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Court's order denying Defendant's Second Motion to Terminate Supervised Release Term, dated January 25, 2024. [Doc. 127].

This notice is timely filed on or before February 8, 2024 per Federal Rules of Appellate Procedure 4(b)(1)(A).

Signed on this 1st day of February, 2024.

JARED WOODY
912-481-3084
Statesboro, GA 30458
Pro Se Defendant, Movant

# CERTIFICATE OF SERVICE
# FOR *PRO SE* FILING

Pursuant to F.R.Civ.P. 5(b)(2)(E) & LR 5.1(a)(3), opposing counsel is properly served – as registered EM/ECF users – when the Clerk of the Court enters the preceding pleading into the Court's electronic docket.

    Notwithstanding this presumption, with my signature above I attest that I have additionally served conventionally-filed copies of the foregoing Notice of Appeal upon opposing counsel for the government and upon the Court, by and through the Clerk of the U.S. District Court. Service is affected, in compliance with Fed.R.Civ.P. 5(b)(2)(C) via U.S. Postal Mail in postage-prepaid envelopes, addressed to the following:

| **Nancy Colleen Greenwood** | **Office of the Clerk** |
|---|---|
| U.S. Attorney's Office | United States District Court |
| GASD – Augusta | Southern District of Georgia – Savannah |
| P.O. Box 2017 | PO Box 8286 |
| Augusta, Georgia 30903 | Savannah, Georgia 31412 |

Jared Woody
2006 Blankenbaker Road
Statesboro, GA 30458

Retail




31412
RDC 03   0 Lb 1.60 Oz

U.S. POSTAGE PAID
PM
STATESBORO, GA 30458
FEB 05, 2024
$9.50
R2305K138478-77

RECEIVED
U.S. Marshals Service
Savannah Georgia

U.S. District Court || Clerk's Office
For the Southern District of Georgia
Savannah
P.O. Box 8286
Savannah, GA 31412

EXPECTED DELIVERY DAY: 02/07/24
USPS TRACKING® #



9505 5103 2628 4036 8324 11



PRIORITY MAIL
TRACKED INSURED
UNITED STATES POSTAL SERVICE
For Domestic Use Only
Label 107R, July 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 611-17 |
| | * | |
| JARED H. WOODY | * | |

**O R D E R**

On May 17, 2023, the Court denied Defendant Jared H. Woody's request for early termination of supervised release. The Court stated its reasons therefor upon consideration of the applicable sentencing factors of 18 U.S.C. § 3553(a).[1] Now, only seven months later, Defendant filed another motion to terminate his supervised release term. Defendant provides no new information or argument that undermines or changes the Court's prior analysis. Accordingly, the Court hereby incorporates and adopts its prior analysis from the Order of May 17, 2023 (doc. 120) herein, and thus, Defendant's motion for early termination (doc. 121) is **DENIED.** To the extent that Defendant believes that the Court's prior application of the sentencing factors was incorrect, he should take the matter up on appeal.

---

[1] In terminating a term of supervised release, the Court is directed to consider the sentencing factors of 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e).

ORDER ENTERED at Augusta, Georgia, this 25th day of January, 2024.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA